ESTATE OF ROBERT FREDERICK ET AL. *v.*
GENERAL DYNAMICS CORPORATION,
ELECTRIC BOAT DIVISION, ET AL.
(SC 15650)

Callahan, C. J., and Borden, Berdon, Norcott and McDonald, Js.

Argued October 30, 1997—officially released June 9, 1998

*Stephen C. Embry*, with whom, on the brief, was *Gerard Rucci*, for the appellants (claimants).

*Lucas D. Strunk*, for the appellees (named respondent et al.).

### Opinion

MCDONALD, J. The principal certified issue in this appeal provides as follows: "Is the surviving dependent spouse of an employee who died as a result of an occupational disease entitled to benefits under General Statutes § 31-306 when: (a) the decedent did not work for

the twenty-six weeks preceding the date of the manifestation of the occupational disease; and (b) the occupational disease manifested itself prior to October 1, 1990, the effective date of Public Acts 1990, No. 90-116?"[1] *Estate of Frederick* v. *General Dynamics Corp.*, 240 Conn. 917, 692 A.2d 812 (1997).

Robert Frederick, the decedent, was employed by the named respondent, the Electric Boat Division of General Dynamics Corporation (respondent),[2] from December 1, 1964, until January 6, 1984, when he retired without a disability. The decedent was exposed to asbestos during the first nine years of his employment with the respondent, and was diagnosed with malignant mesothelioma in 1990. The respondent concedes that the decedent's disease arose out of and in the course of his employment with the respondent.

In 1990, the decedent filed a timely claim for workers' compensation benefits pursuant to General Statutes § 31-307. Following the decedent's death in 1992, the workers' compensation commissioner for the second district (commissioner) awarded benefits to his estate and his wholly dependent widow, Anne Frederick. The respondent appealed from the decision awarding benefits to the compensation review board (review board), which affirmed the commissioner's decision. The Appellate Court reversed the review board's decision on the basis of that court's decision in *Green* v. *General Dynamics Corp.*, 44 Conn. App. 112, 687 A.2d 550

---

[1] The second certified issue provides as follows: "If the answer to the first question is yes, how should the average weekly wage used to determine the amount of the benefits to the surviving dependent spouse be calculated under the facts of this case?" *Estate of Frederick* v. *General Dynamics Corp.*, 240 Conn. 917, 692 A.2d 812 (1997).

[2] The original respondents included the Electric Boat Division of General Dynamics Corporation (Electric Boat), National Employers Company and CIGNA Property and Casualty Company (CIGNA). The respondents on appeal to this court are Electric Boat and CIGNA.

(1996). *Estate of Frederick* v. *General Dynamics Corp.*, 44 Conn. App. 124, 686 A.2d 1003 (1996).

We recently decided in *Green* v. *General Dynamics Corp.*, 245 Conn. 66, 712 A.2d 938 (1998), that a surviving dependent spouse is entitled to benefits under § 31-306, when the decedent has not worked for the employer for twenty-six weeks preceding the manifestation of an occupational disease. The certified issue in this case, however, does not sufficiently portray the issues originally presented by the appeal from the commissioner's decision. In this case, the decedent had filed a timely claim before his death, and, therefore, both his dependent widow and his estate have a claim. The certified issue, however, addresses only the dependent widow's entitlement to benefits. Therefore, we rephrase the certified issue "in order to render [it] more accurate in framing the issues that this case presents." *Stamford Hospital* v. *Vega*, 236 Conn. 646, 648 n.1, 674 A.2d 821 (1996). Accordingly, the certified issue is amended to provide as follows: "Are the surviving dependent spouse and the estate of an employee who died as a result of an occupational disease entitled to benefits under General Statutes § 31-306 and General Statutes § 31-307, respectively, when: (a) the decedent did not work for the twenty-six weeks preceding the date of the manifestation of the occupational disease; and (b) the occupational disease manifested itself prior to October 1, 1990, the effective date of Public Acts 1990, No. 90-116?"[3]

Both § 31-306 and § 31-307 provide that benefits are calculated pursuant to General Statutes § 31-310. In *Green*, we concluded that such benefits are calculated under General Statutes (Rev. to 1991) § 31-310c in the case of occupational disease. *Green* v. *General Dynamics Corp.*, supra, 245 Conn. 78. Therefore, the amended

[3] Public Acts 1990, No. 90-116, was codified as General Statutes (Rev. to 1991) § 31-310c.

certified issue is answered in the affirmative, and the benefits are to be calculated in accordance with our decision in *Green*.

The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to remand the case to the review board with direction that it be remanded to the commissioner to award benefits to the decedent's estate and to his dependent widow in accordance with this decision.

In this opinion CALLAHAN, C. J., and BERDON and NORCOTT, Js., concurred.

BORDEN, J., dissenting. I dissent for the same reasons that I gave in *Green* v. *General Dynamics Corp.*, 245 Conn. 66, 79, 712 A.2d 938 (1998) (*Borden, J.*, dissenting).